SAN ANTONIO & A. P. RY. CO. v. HINNANT. (No. 6103.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 27, 1918.)

1. CARRIERS ⟨Key⟩228(5)—LIVE STOCK—ACTIONS —EVIDENCE.

In an action for damages for injuries to a shipment of cattle, evidence *held* insufficient to establish the alleged negligent rough handling and delay.

2. APPEAL AND ERROR ⟨Key⟩1175(5)—DETERMINATION.

In an action for injuries to a shipment of live stock, where plaintiff called all the witnesses, who knew anything about the accident, and the evidence was wholly insufficient to establish the railroad company's negligence, a judgment for plaintiff should be reversed without remand.

Error from Jim Hogg County Court; A. M. Brumfield, Judge.

Action by Robert Hinnant against the San Antonio & Aransas Pass Railway Company and another. From a judgment for plaintiff, the named defendant brings error. Reversed and rendered.

Kleberg & Stayton, of Corpus Christi, and T. Wesley Hook, of Kingsville, for plaintiff in error.

H. H. Flowers, of Hebbronville, for defendant in error.

FLY, C. J. This is a suit for damages to a shipment of cattle from Bruni, Tex., to Kerrville, Tex., instituted by defendant in error, herein called plaintiff, against plaintiff in error, herein styled defendant, and another railway company. The cause was tried by jury, resulting in a verdict against James A. Baker, receiver of the International & Great Northern Railway Company, and the San Antonio & Aransas Pass Railway Company in the sum of $175 each, upon which verdict

⟨Key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

judgment was accordingly rendered. This writ of error is prosecuted by the last-named company alone.

[1] The grounds of negligence alleged were rough handling and delay. The evidence discloses the fact that the shipment consisted of cattle from a district afflicted by a drouth, and that they were in a thin and weak condition. The cattle were delivered to defendant at San Antonio, Tex., after having been transported by other railway companies from the point of shipment. Several were down in the cars when delivered to defendant, and it made up a special train with two locomotives in order to expedite the trip to Kerrville, the point of destination. While there was a delay of 40 minutes at one point, of 20 minutes at another, and 10 at another, there is no testimony to show that the cattle were not transported in the usual and reasonable time, and there was no evidence of any rough handling whatever. On the other hand, there was positive testimony to the effect that there was no unusual jolting or roughness in handling. The only two witnesses for plaintiff, who testified as to the way the cattle were handled after they were placed in the hands of defendant, did not testify to any rough handling, and only judged that it was rough, because some of the cattle fell down, and this might have amounted to proof, had the cattle not been in a starved and weak condition. The owner of the cattle admitted that there had been a prolonged drouth in the vicinity from which the cattle were shipped, and that some of his cattle had died from the effects of the drouth. John Dinn testified that the cattle were in good shipping condition, but that the drouth was unprecedented. J. W. Hinnant, a brother of the owner, accompanied the cattle, and said they were in the condition stated by his brother. He testified that a number of the cattle were down in the cars when they reached San Antonio. There the transfer was made to defendant. He swore that there were many jolts and bumps, but did not testify that they were unusual.

[2] The evidence utterly fails to show that defendant was guilty of negligence as alleged in the petition, but tends to show that the damages incurred were on account of the starved and weak condition of the cattle. The drouth-stricken cattle were too weak to stand the vicissitudes of an ordinary railroad journey, and succumbed, not on account of delay or negligent handling, but on account of their condition. The evidence totally fails to sustain the allegations, and while the plaintiff, in seeming anticipation of some such opinion by the court, asks that the case be remanded, so that he may show delay, we do not think that it should be done. Plaintiff had all the witnesses that knew anything about the case, and we believe that the cause should be finally disposed of by this court.

The judgment is reversed as to the defendant by whom this writ of error was perfected, and judgment here rendered that plaintiff recover nothing by his suit against the San Antonio & Aransas Pass Railway Company, and pay all costs by it expended.

---

⬥⟽For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes